CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 30, 2013

LETTER TO COUNSEL:

       RE:     *Ellis Zuckerman v. Commissioner, Social Security Administration*;
              Civil No. SAG-11-3233

Dear Counsel:

       On November 11, 2011, the Plaintiff, Ellis Zuckerman, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

       Mr. Zuckerman filed his claims for benefits on October 28, 2005. (Tr. 64-68). His claims were denied initially on February 23, 2006, and on reconsideration on August 21, 2006. (Tr. 40-44, 37-38). A hearing was held on August 18, 2008 before an Administrative Law Judge ("ALJ"). (Tr. 1441-65). Following the hearing, on November 5, 2008, the ALJ determined that Mr. Zuckerman was not disabled during the relevant time frame. (Tr. 13-24). The Appeals Council denied Mr. Zuckerman's request for review (Tr. 3-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

       The ALJ found that Mr. Zuckerman suffered from the severe impairments of substance abuse disorder and affective disorder. (Tr. 16). With his substance use disorder considered, the ALJ determined that Mr. Zuckerman would be disabled. (Tr. 17-20). However, the ALJ found that if Mr. Zuckerman stopped the substance use, he would retain the residual functional capacity ("RFC") to:

       perform a full range of work at all exertional levels but with the following nonexertional limitations: he is able to perform only simple, unskilled tasks and should have limited contact with the general public.

(Tr. 22). Considering Medical-Vocational Guideline section 204.00, the ALJ determined that a

finding of "not disabled" is appropriate. (Tr. 23).

Mr. Zuckerman presents two arguments on appeal: (1) that the ALJ erroneously assessed his RFC in the absence of substance use; (2) that the ALJ failed to provide a "more detailed assessment" of his mental conditions at step four. Each argument lacks merit.

First, Mr. Zuckerman contests the ALJ's determination of his RFC if he were to refrain from substance use. Mr. Zuckerman premises his argument on an alleged "period of sobriety" from October, 2005 to April, 2007, and an evaluation from his treating physician, Dr. Carlton, "during this time" on October 11, 2006. Pl. Mot. 7-10. The entire argument rests on a faulty premise, because the record contains ample evidence that Mr. Zuckerman resumed drinking in the summer of 2006, prior to Dr. Carlton's opinion. (Tr. 624, 626, 634, 637-39, 653). In fact, Dr. Carlton referred Mr. Zuckerman to the hospital in August 3, 2006 because she was concerned about his safety due to his alcohol consumption. (Tr. 626). Yet, in her assessment later that month on August 23, 2006, she notes only a "past history" of substance abuse. (Tr. 989). Her subsequent opinion in October, 2006 similarly occurred during a period of time when Mr. Zuckerman was abusing alcohol. (Tr. 978-86). Nevertheless, in that second opinion, Dr. Carlton noted that Mr. Zuckerman retained "a fair ability to perform work related functions." (Tr. 19, 327).

In contrast, the consultative examination of Dr. Taller occurred during a period of actual sobriety, in February, 2006. (Tr. 1045-50). Dr. Taller opined that Mr. Zuckerman demonstrated average concentration and memory, and was capable of following simple instructions. (Tr. 19). Further, Mr. Zuckerman reported that he attended Bible study and substance abuse classes five times per week. *Id.* The ALJ assigned "great weight" to that opinion. (Tr. 20). The ALJ also noted Mr. Zuckerman's activities of daily living, which include the ability to "cook, clean, shop, socialize, and attend meetings." (Tr. 22). Given that the ALJ relied upon the evidence most germane to an assessment of Mr. Zuckerman's ability to function when sober, the ALJ's opinion is based on substantial evidence.

Mr. Zuckerman's second argument is that the ALJ failed to provide a "more detailed" assessment of his capacity to perform the mental demands of work while assessing his RFC. Pl. Mot. 10-13. Mr. Zuckerman's argument consists almost entirely of lengthy excerptions from a Social Security ruling and a related regulation. *Id.* In support, he offers a single, unexplained transcript citation on page 12 to a Mental Residual Functional Capacity (MRFC) form indicating that Mr. Zuckerman has just three areas of moderate limitation pertaining to his concentration, persistence, and pace. (Tr. 1023-24). Notably, the MRFC shows that Mr. Zuckerman had no limitation or no evidence of a limitation in all of the other categories. *Id.* Mr. Zuckerman provides no analysis of how a "more detailed" assessment of that form, or any other evidence, might have resulted in a different outcome. The ALJ's RFC determination provides substantial evidence to support his assessment that Mr. Zuckerman would be capable of gainful employment if he were to refrain from substance use. (Tr. 19, 22-23). Remand is therefore unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge